**LINCOLN HILLS DEVELOPMENT CORPORATION, Petitioner,**

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS, et al., Respondents.**

Nos. 62T05–8705–TA–00022, 31T05–8705–TA–00023.

Tax Court of Indiana.

April 22, 1988.

Michael H. Hagedorn, Tell City, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, James A. McEntarfer, Zoercher & Huber, Tell City, for respondents.

FISHER, Judge.

## STATEMENT OF THE CASE

Petitioner, Lincoln Hills Development Corporation, appeals the State Board of Tax Commissioners' final determinations that personal property, real estate and improvements thereon, located in Perry and Harrison Counties, were not exempt from property tax. The same issue is involved in both appeals and they are joined for purposes of this decision. The determinations pertain to the assessment date of March 1, 1984.

## FACTS AND DECISION

Lincoln Hills is a not-for-profit corporation which owns and operates housing projects on both of the properties at issue. The housing projects each contain community centers as well as apartments. Apartments are available to low income senior citizens and to disabled persons.

Lincoln Hills claims exemption under IC 6–1.1–10–16(a) and (e), which read:

(a) All or part of a building is exempt from property taxation if it is owned, occupied, and used by a person for educational, literary, scientific, religious, or charitable purposes.

. . . .

(e) Personal property is exempt from property taxation if it is owned and used in such a manner that it would be exempt under subsection (a) or (b) of this section if it were a building.

The claims were denied because the State Board determined that IC 6–1.1–10–18.5 granted a specific exemption and thereby limited the application of the general exemption found in IC 6–1.1–10–16. IC 6–1.1–10–18.5 reads:

Tangible property is exempt from property taxation if it is:

(1) owned by an Indiana not-for-profit corporation; and

(2) used by that corporation in the operation of a health facility licensed under IC 16–10–4, or in operation of a residential facility for the aged and licensed under IC 16–10–4, or in the operation of Christian Science home or sanatorium.

The State Board reasons that the granting of an exemption to Lincoln Hills under IC 6–1.1–10–16 will render the enactment of IC 6–1.1–10–18.5 meaningless. The State Board relies on *State ex rel. Boger v. Daviess Circuit Court* (1959), 240 Ind. 198, 163 N.E.2d 250, in which our Supreme Court held that "[i]t will not be presumed that the Legislature intended to do a useless thing or to enact a statute which is a nullity." 163 N.E.2d at 252, 253 (citing *Combs v. Cook* (1958), 238 Ind. 392, 151 N.E.2d 144, 147). The State Board also relies on *Don Meadows Motors, Inc. v. State of Indiana, Board of Tax Commissioners* (1988), Ind. Tax, 518 N.E.2d 507, in which this Court stated that "[w]here specific and general provisions conflict and the conflict cannot be otherwise resolved, the specific provision will control over the general." 518 N.E.2d at 508 (citing *Higgins v. Hale* (1985), Ind., 476 N.E.2d 95, 100).

Lincoln Hills contends that the statutes grant unrelated exemptions and the cases cited by the State Board are not applicable. This Court agrees.

The evidence required in the two statutes to obtain an exemption differs significantly. In order to obtain an exemption under IC 6–1.1–10–16, a person must show that the property is used for one of the listed purposes found in the statute. In *State Board of Tax Commissioners v. Methodist Home for the Aged* (1968), 143 Ind.App. 419, 241 N.E.2d 84, the court held that the subject home was exempt because it had a charitable purpose as required by the statute and Article 10, § 1 of the Indiana Constitution. A showing of charitable purpose was necessary even though Methodist Home was a not-for-profit corporation.

IC 6–1.1–10–18.5 allows an exemption to the owner of a residential facility for the aged merely upon a showing that the owner is a not-for-profit corporation licensed under IC 16–10–4. The two statutes are not in conflict and the legislature has not

done a useless thing in enacting and amending IC 6–1.1–10–18.5 since different requirements exist in each statute. IC 6–1.1–10–18.5 is not a limitation upon exemptions granted for the purposes listed in IC 6–1.1–10–16. The State Board's determination that IC 6–1.1–10–18.5 precludes the utilization of IC 6–1.1–10–16 is erroneous.

The case is remanded to the State Board for the purpose of ascertaining whether Lincoln Hills qualifies for an exemption under IC 6–1.1–10–16.