**KELLER INDUSTRIES, INC., d/b/a Keller Aluminum Furniture of Indiana, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS Respondent.**

No. 49T05–8711–TA–00057.

Tax Court of Indiana.

Oct. 26, 1988.

Jon D. Krahulik, Timothy J. Bender, Bingham Summers Welsh & Spilman, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Keller Industries, Inc. appeals the State Board's final determination denying exemption for the year 1986. The exemption was claimed under IC 6–1.1–10–30(b) and pertained to inventory stored in its Indiana plant that was destined for out-of-state shipment, but was not shipped prior to March 1.

Keller is a Florida corporation, with its principal offices located in Miami. During the year at issue, it manufactured outdoor aluminum furniture in a plant located in Linton, Indiana. It also had plants in California, Georgia, and Virginia.

Customers submitted purchase orders to Keller's Miami office in the fall and winter months in order to insure delivery of furniture by early spring. Purchase orders were generally assigned to the plant nearest the customer's desired place of delivery. The purchase orders identified the customers and specified order date, model number, quantity, requested shipping date, and shipping location.

Keller's Linton plant scheduled production based on original bills of lading and other information transmitted by computer from the Miami office. Using this information, the Linton plant was also able to generate computer printouts which could match actual production with existing purchase orders at any time. The original purchase orders were stored at the Miami office.

Every bill of lading corresponded to a purchase order. A single purchase order could generate more than one bill of lading, due to staggered shipping dates, partial shipments, and other similar situations. The bill of lading specified the customer, order date, model, quantity, requested shipping date, shipping location, and reference number, all of which corresponded to the original purchase order.

Keller claimed an exemption for its inventory under IC 6–1.1–10–30(b). It calculated the exemption by figuring the percentage of out-of-state goods on a two month sales average, then multiplying that figure by the finished goods inventory figure of January 1, 1986.

The State Board conducted a review of Keller's 1986 business personal property returns and determined that Keller had incorrectly calculated the exemption. The parties were able to agree on a figure for the March 1, 1986 inventory, but did not agree on whether Keller was able to use the specific identification method of IC 6–1.1–10–30 to calculate the exemption, or whether it was limited to the allocation method of IC 6–1.1–10–29. If the specific identification method could be used, Keller was entitled to a full exemption for inventory shown to have been ordered and ready for shipment in interstate commerce to a specific known destination on March 1, 1986. If the allocation method was used, Keller was entitled to only 60% of the amount of exemption. The State Board treated the two exemption statutes as mutually exclusive.[1]

The hearing officer examined Keller's open order status reports, which summarized all of Linton's in-state and out-of-state deliveries for March and April. The open order status report showed the customers' bill of lading dates, purchase order numbers, and requested shipping dates. The hearing officer found some bills of lading dated after March 1, 1986, and thereupon concluded that without further evidence Keller would not be entitled to use the specific identification method for those units.

The hearing officer contacted Keller by letter, explained his conclusion, and offered Keller a sample worksheet by which Keller could claim the exemption by the specific identification method. Using the order status report, which listed Linton's orders on hand and inventory on hand, Keller was instructed to list the quantity and model number of inventory on hand March 1st, the bill of lading date for each shipment, and the purchase order date for any bill of lading dated subsequent to March 1. Shipments made for each model number were to be listed in chronological order until quantity on hand was depleted. Finally, Keller was to list the number of units shipped in Indiana and the number shipped out-of-state.

In answer to the hearing officer's request, Keller submitted a worksheet listing all information required except for bill of lading and purchase order dates. Keller informed the hearing officer that the omitted information was unnecessary since only orders which were assigned to the Linton plant before March 1st were included in the order status report. The quantity to be depleted was taken exclusively from the order status report.

Keller's worksheet was deemed unacceptable. The hearing officer refused the allowance of the exemption under IC 6–1.1–10–30 and granted the lesser exemption under IC 6–1.1–10–29. The State Board accepted the hearing officer's finding. This appeal followed, and the sole issue is whether the State Board's determination denying the exemption under IC 6–1.1–10–30(b) is arbitrary and capricious.

IC 6–1.1–10–30(b), provides:

Subject to the limitation contained in subsection (d) of this section, personal property is exempt from taxation if:

(1) the property has been placed in its original package in a public or private warehouse for the purpose of shipment to an out-of-state destination;

(2) the property remains in the original package and in the public or private warehouse; and

---

1. However, *see RCA v. State Board of Tax Commissioners* (Ind.Tax 1988) 528 N.E.2d 125.

(3) the property had been ordered and is ready for shipment in interstate commerce to a specific known destination to which the property is subsequently shipped.

The State Board has promulgated 50 IAC 4.1–3–3, which sets out the documentation necessary for a taxpayer to prove its qualification to claim exemption under IC 6–1.1–10–30(b). In order to prove that property has been ordered prior to the assessment date and has a specific known out-of-state destination, as required under IC 6–1.1–10–30(b)(3), the taxpayer must present evidence, such as purchase orders "indicating purchase of a number of specific units or quantities of product for shipment to specific known out-of-state destination." 50 IAC 4.1–3–3. The regulation further provides methods of verification, as follows:

A check of all outstanding purchase orders on hand prior to the assessment date. FIFO (first in-first out) accounting treatment is mandatory i.e. shipments from finished goods inventory will be matched with corresponding purchase orders to first determine in state vs. out of state shipments to verify the amount of exemption.

Determination of exemption will be based on identification of units ordered, in finished goods inventory on the assessment date (as qualified above) and proof that those units were actually shipped to the specific known out of state destination as evidenced by a shipping document.

The taxpayer must maintain inventory records that when conducting a review of the finished goods inventory, it can be determined that the specific items of inventory claimed exempt are actually contained in the assessment date balance in sufficient quantity to fill the orders claimed exempt. *Id.*

To qualify for the exemption under IC 6–1.1–10–30(b), Keller was required to show that its inventory was represented by orders assigned to the Linton plant prior to March 1st. In this case, orders were in the form of original bills of lading, which were transmitted by computer from the home office. The bills of lading were transmitted to Linton within a few days after the home office received the purchase order.

The hearing officer, after examining Keller's open order status report for March and April deliveries, concluded that some items of inventory could not qualify for exemption under IC 6–1.1–10–30(b) because corresponding bill of lading dates on the report were after March 1st. Keller repeatedly explained that multiple bills of lading existed for a single purchase order, and the date of the original bill of lading reflected the date a purchase order was assigned to the Linton plant. The original bills of lading were on file at the Linton plant and were available to the hearing officer for verification.

■ As noted above, the hearing officer indicated that Keller could qualify for the IC 6–1.1–10–30(b) exemption if it completed a requested worksheet. The only information requested by the hearing officer and omitted by Keller was the bill of lading and purchase order dates. Inclusion of the dates was unnecessary because the quantity of inventory to be depleted on the worksheet was taken from Keller's March 2nd order status report. Inventory appeared on the order status report only after purchase orders were assigned to Linton via an original bill of lading. In other words, the inventory on hand listed on the March 2nd order status report appeared there because purchase orders had been assigned to Linton before March 1st. The hearing officer did not accept Keller's explanation of the bill of lading dates for reasons the court is unable to discern. The court finds the decision of the hearing officer, and the State Board's acceptance of that decision, to be arbitrary and capricious.

The State Board argues that the hearing officer's denial of Keller's IC 6–1.1–10–30(b) exemption was proper because Keller could not demonstrate that specific models contained in its March 1st inventory were the same models contained on purchase orders. The State Board bases its contention on the testimony of the Linton plant's vice president of manufacturing who testified that only 90 to 95% of the items includ-

ed in March 1st inventory would match items on purchase orders.

The worksheets submitted by Keller matched the March 1st inventory by model number with in-state and out-of-state shipments. To the extent that Keller is claiming an exemption for the 5 to 10% of finished goods inventory which could not be matched with a purchase order for an out-of-state shipment, the State Board's contention would be valid. Keller does not, however, appear to claim an exemption for these items. Furthermore, the State Board's contention does not support the blanket denial of Keller's IC 6–1.1–10–30(b) exemption. Keller should have been allowed an IC 6–1.1–10–30(b) exemption for inventory for which it had orders designating out-of-state shipment and which was in fact shipped out-of-state.

Accordingly, the State Board's determination is reversed and remanded for further determination in accordance with this opinion.

ORDERED this 26th day of October, 1988.